# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:99-CR-30026-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RONDELL GAVIN (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is Defendant Rondell Gavin's ("Gavin") *pro se* Motion for Expungement [Doc. No. 34]. The United States of America ("the Government") filed an Opposition to the Motion [Doc. No. 40]. Galvin did not file a Reply.

For the reasons stated below, Gavin's Motion is **DENIED**.

### I. BACKGROUND

On August 19, 1999, the Government filed a bill of information charging Gavin with one count of Conspiracy to Possess with Intent to Distribute Cocaine Base pursuant to 21 U.S.C. §§ 841(a)(1) and 846.[1] Gavin was part of a drug organization that trafficked crack cocaine in northeast Louisiana.[2] He later pled guilty to the bill of information, and the Court sentenced Gavin to 67 months of imprisonment.[3] On October 24, 2024, Gavin filed the pending Motion asking the Court to expunge his conviction under the "Retroactive First Time Offender Act."[4] The Government opposed the Motion on the basis that Gavin's request has no basis in law or fact.[5]

The issues have been briefed, and the Court is prepared to rule.

---

[1] [Doc. No. 40, p. 1].
[2] [Id.].
[3] [Id.].
[4] [Doc. No. 34].
[5] [Doc. No. 40, p. 4].

## II. LAW & ANALYSIS

### A. Legal Standard

When a defendant moves to expunge their prior conviction, they seek to "destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). Thus, an expungement "does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id*. In other words, granting the expungement only amounts to "the judicial editing of history." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1972).

However, federal courts have limited jurisdiction and "possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). And Congress has not expressly enshrined federal courts with the general power to expunge criminal records. *See Crowell*, 374 F.3d at 377; *United States v. Nta*, No. 6:16-CR-00138, 2025 WL 444762, at *2 (W.D. La. Feb. 10, 2025). In fact, the Fifth Circuit has only pointed to two instances in which federal courts have jurisdiction to expunge a defendant's record: "(1) where the defendant has a specific statutory right to expungement, and (2) where the record retention constitutes an affirmative violation of his constitutional rights." *United States v. Corkern*, No. 24-60189, 2024 WL 5199332, at *2 (5th Cir. Dec. 23, 2024) (quoting *United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017)).

### B. Gavin's Motion

Gavin's Motion does not allege or otherwise maintain that the retention of his criminal record violates or impinges on his constitutional rights. Therefore, Gavin's only path to relief is through a specific statutory right to expungement. On that matter, Gavin points to the "Retroactive

First Time Offender Act" and states that his case falls within the scope for relief under the statute.[6] However, neither the Government nor this Court could identify any federal statute entitled the "Retroactive First Time Offender Act" that provides the post-conviction relief Galvin seeks.

Although 18 U.S.C §3607(c) provides a statutory path for expungement, the path is narrow and Galvin does not meet the criteria. A defendant may qualify for expungement under the statute if (1) the defendant was convicted of a violation under 21 U.S.C. §844, (2) the defendant was sentenced to a term of probation, and (3) the defendant was less than 21 years old when the offense was committed. 18 U.S.C §3607(c). Gavin does not satisfy *any* of those requirements. First, Gavin was convicted under 12 U.S.C. §§841 and 846, not 21 U.S.C. §844. Second, Galvin was sentenced to 67 months of imprisonment, not probation. And third, Gavin was between the ages of 24 to 30 years old when he committed the offense of the conviction.[7] Consequently, the Court sees no statutory avenue to grant expungement.

While the Court notes Gavin's acknowledgment of the gravity of his offense and his wish to serve society free of the stain that a criminal record imposes, the Court lacks the power to achieve what Gavin seeks.

### III.    CONCLUSION

For the reasons stated above, Gavin's Motion [Doc. No. 34] is **DENIED**.

MONROE, LOUISIANA, this 10th day of March, 2025.

                                                                                 Terry A. Doughty
                                                                                 United States District Judge

---

[6] [Doc. No. 34, p. 1].
[7] [Doc. No. 40, p. 4]. Gavin was born on June 6, 1969. The Bill of Information alleged a conspiratorial period of January 1993 through January 16, 1999.